UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARTOLOME, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-04-3898 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court in this tort and contract action is Defendant Sweet Claim Service, Inc.'s ("Sweet") motion for summary judgment. After considering the parties' filings and the applicable law, the Court finds that the motion, Docket No. 19, should be and hereby is **GRANTED** and that Plaintiff's claims against Sweet should be and hereby are **DISMISSED WITH PREJUDICE**.

**I.   BACKGROUND**

This suit arises from a flood that occurred in Seabrook, Texas on July 15, 2003. The floodwater caused damage to Captain Wick's Seafood Market ("Captain Wick's"), a business owned by Plaintiffs Alfredo and Teresita Bartolome (the "Bartolomes"). Captain Wick's was insured under a National Flood Insurance Program ("NFIP") flood policy administered by the Federal Emergency Management Agency ("FEMA"), and the Bartolomes filed a claim under that policy. FEMA or its agent then hired Sweet to adjust the claim and assess the damage to Captain Wick's. FEMA subsequently paid the Bartolomes $39,542.72 on the policy. The Bartolomes then filed the instant suit, contending that they are entitled to $149,200, the face value of the policy. Sweet now moves for summary judgment on the grounds that the Bartolomes' claims against it are

preempted by federal law, are supported by no evidence, and are controverted by the Sweet's summary judgment evidence.

## II.   ANALYSIS

### A.   Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* FED. R. CIV. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 4777 U.S. 317, 322 (1986) (internal quotation marks omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id.* at 255.

Although the movant bears the burden of demonstrating that no genuine factual issue exists, it need not adduce evidence in support of that position. Rather, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any," which it believes demonstrate the absence of a genuine issue of material fact. But . . . we find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim. . . . [R]egardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district Court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied. One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose.

*Id.* at 323-24 (emphasis in original).

### B. Preemption

The Fifth Circuit has held that state law tort claims against flood policy issuers, known as "Write Your Own Insurers" ("WYOs") under the NFIP, are preempted by federal law. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 385-86, 390 (5th Cir. 2005). A WYO is a company that issues policies underwritten by the NFIP; in essence, then, a WYO acts as an agent of the United States. *Id.* at 385-86. In 2003, however, the Fifth Circuit held that ancillary claims arising not from an NFIP contract but from the adjustment of a claim are *not* preempted. *See Richmond Printing LLC v. FEMA*, 72 Fed. App'x 92, 96-97 (5th Cir. 2003).[1] The *Richmond Printing* court reasoned that the preemption of non-contractual claims would not incentivize private insurers to act as agents for NFIP policies and would not, therefore, advance Congress's goals in federalizing claims arising from the policies themselves. *Id.* at 96.

After the occurrence of the events giving rise to the *Richmond Printing* case, however, FEMA promulgated a regulation providing that "*all disputes arising from the handling of any claim* under [an NFIP] policy are governed exclusively by the flood

---

[1] Although this unpublished opinion is not binding on this Court, it may constitute persuasive precedent. *See* 5TH CIR. R. 47.5.4.

insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, *et seq.*), and Federal common law." 44 C.F.R. pt. 61, app. A(1), ch. IX (emphasis added). In this circuit, "[f]ederal regulations have no less preemptive effect than federal statutes." *In re Cajun Elec. Power Co-op, Inc.*, 109 F.3d 248, 254 (5th Cir. 1997). Indeed, the *Richmond Printing* opinion itself, which was issued after the regulation took effect, emphasized the change wrought by the regulation:

> FEMA has issued a new regulation that amends an insured's [NFIP policy] to include the following language:
> > IX. What Law Governs
> > This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001 *et seq.*), and Federal common law.
> 
> 65 Fed. Reg. 60,758, 60,767 (2000). However, this regulation did not go into effect until December 21, 2000 – after Richmond had filed suit against RGA and Meyer. Thus, both parties agree that the regulation does not govern the outcome of this case. We reference the new rule, though, to emphasize that our preemption decision in this case applies only to those claims which arose prior to the date the amended [policy] became effective.

72 Fed. App'x at 95. *See also Scritchfield v. Mutual of Omaha Ins. Co.*, 341 F. Supp. 2d 675, 680 (E.D. Tex. 2004) ("It seems clear that FEMA, in revising the policy language[,] intended to limit the scope of recovery under the [policy]. In so doing, FEMA effectively preempted all state law claims."). Because the Court finds that the FEMA regulation preempts the entire field of state tort regulation arising from the handling of NFIP policies, including claims against adjusters, Plaintiffs' state law tort and contract claims against Sweet are preempted and must be dismissed.

4

### C. No Evidence Summary Judgment

Even if the Court were to find that Plaintiffs' claims are not preempted by federal law, summary judgment would still be warranted on the ground that the Bartolomes have offered no evidence in support of any of their claims. As noted above, while the party moving for summary judgment bears the burden of demonstrating that no genuine, material factual issue exists, it need not submit any evidence of its own. It can, instead, show that the non-movant has failed to provide evidentiary support for an essential element of its claim.

In this case, the Bartolomes have adduced no evidence in support of any of their claims. Specifically, they cannot show (1) that Sweet willfully and intentionally interfered with the insurance contract, as required to establish a claim for tortious interference with contract, *see Powell Indus., Inc. v. Allen*, 985 S.W.2d 455, 456 (Tex. 1998); (2) that Sweet made a material false representation, as required to establish a claim for fraud, *see Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 277 (Tex. 2001), or for a violation of the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA"), *see Dagley v. Haag Eng'g Co.*, 18 S.W.3d 787, 791 (Tex. App. – Houston [14th Dist.] 2000, no pet.); that Sweet owed or breached a duty to Plaintiffs, as required to establish a claim for negligence or gross negligence, *see id.* at 790; that any unlawful, overt act occurred, as required to establish a claim for civil conspiracy, *see id.* at 794; or that a valid contract ever existed between Plaintiffs and Sweet, as required to establish a claim for breach of contract, *see Sullivan v. Smith*, 110 S.W.3d 545, 546 (Tex. App. – Beaumont 2003, no pet.). Accordingly, summary judgment for Sweet is appropriate on all of Plaintiffs' claims.

### III. CONCLUSION

Because all of Plaintiffs' claims against Sweet are preempted by federal law, and because Plaintiffs have offered no evidence in support of any of those claims, all claims against Sweet are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 4th day of August, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**